[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
DECISION ON MOTION FOR CONTEMPT
On September 16, 1996 this court held a hearing on plaintiff's motion for contempt wherein plaintiff requested that defendants be held in contempt for violating this court's orders of March 28, 1996 concerning necessity for obtaining special exception permits for "concerts" allegedly held on its property July 20, 21, 1996.
Woodbury Zoning Regulations provide in § 5.27b the following:
 Uses of an intermittent nature, such as carnivals, circuses, concerts, events, fairs or parades which can be expected to draw substantial numbers of spectators defined as expected to draw 200 vehicles or draw more vehicles than can be accommodated by available on-site parking provided that each event, carnival, circus, concert, fair or parade shall be considered a separate use and a Special Exception shall be required for each use.
During the summer months defendant applied for and received three special permits for concerts on the subject premises. The Zoning Commission denied permission on August 12, 1996 for a concert to be held on August 25. Defendant did not stage that concert.
However on July 20 and 21 defendant held a Skateboard Summer Festival for which he did not place any advertisements in publications but did give a press release. Defendant Taylor testified that he did not expect over 200 cars and did not in CT Page 5578-FFFFF fact have anywhere near that number. Defendant did have two bands playing, some of which music was performed outdoors and some indoors. The court does not find a "concert" to have taken place on July 20 or 21.
The court does not find that plaintiff sustained its burden of proving defendant in violation of the court's previous order.
KULAWIS, J.